IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARILYN PATRICK,

      Plaintiff,

v.                                         CASE NO. 1:11-cv-98-SPM-GRJ

THE STATE RETIREMENT,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, and is proceeding pursuant to Doc. 6, an Amended Complaint.  Plaintiff also seeks leave to proceed as a pauper.  Doc. 2.  Upon due consideration, the Court concludes that this case should be dismissed for failure to state a claim and as frivolous.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*,  the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)).  A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

This is plainly such a case.  Plaintiff's Amended Complaint, Doc. 6, indicates that

she wishes to sue "The State Retirement" (Florida Retirement System) under the

Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117.  Plaintiff alleges

that she was injured on the job several years ago and takes issue with the State

Retirement Commission's apparent denial of disability retirement benefits.

Notwithstanding the fact that Plaintiff has not presented the requisite right to sue letter

from the Equal Employment Opportunity Commission, her claim is without any merit.

This Court does not have jurisdiction to entertain her challenge to a denial of state

disability retirement benefits.  The proper recourse for seeking judicial review of the

decision of an administrative agency is outlined in the Florida Administrative Procedure

Act, Fla. Stat. § 120.68.

For the foregoing reasons, Plaintiff's motion for leave to proceed as a pauper,

Doc. 2, is **DENIED**.  It is respectfully **RECOMMENDED** that this case be **DISMISSED**

for failure to state a claim upon which relief may be granted and as frivolous pursuant to

28 U.S.C § 1915(e)(2)(B)(i).

**IN CHAMBERS**  this 16th day of September 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**